IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM PARSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 12-1056-GMS |
| | ) | Cr. A. No. 10-76-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

William Parson. *Pro se* movant.

Robert F. Kravetz. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Sept. 10, 2015
Wilmington, Delaware

SLEET, United States District Judge

## I. INTRODUCTION

Movant William Parson ("Parson") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 23) The government filed an answer in opposition. (D.I. 29) For the reasons discussed, the court will deny Parson's § 2255 motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f) without holding an evidentiary hearing.

## II. BACKGROUND

On August 12, 2010, Parson was indicted on one count of being a felon in possession of a firearm. (D.I. 29 at 1) The charge related to Parson's possession of a loaded AK-47 assault rifle and ammunition magazines in the Dunleith Parkland in New Castle County, Delaware. *Id*.

On December 15, 2010, Parson pled guilty to being a felon in possession of a firearm. (D.I. 17) In advance of sentencing, the United States Probation Office prepared a presentence investigation report ("PSR") dated February 23, 2011. (D.I. 29 at 2) The PSR indicated that Parson had amassed thirteen criminal convictions over an eleven-year span since the age of sixteen. Parson's prior convictions included two firearms-related felony offenses: a 2004 conviction for possession of a deadly weapon by a person prohibited, and a 2006 conviction for carrying a concealed deadly weapon. Parson received two criminal history pints for each of these convictions, as well as an additional criminal history point for a 2008 misdemeanor conviction for possession of drug paraphernalia. As a result, Parson had a total of five criminal history points, which established a criminal history category of III. The PSR further stated that Parson had a total offense level of 17. Based upon an offense level of 17 and a criminal history category of III, Parson's advisory guidelines range was 30-37 months imprisonment. *Id*. Neither

party objected to the facts contained in the PSR, nor to the calculation of the advisory guidelines ranges. (D.I. 19; D.I. 20)

On March 16, 2011, the court sentenced Parson to 42 months of imprisonment, followed by three years of supervised release. The court entered judgment on March 25, 2011, and Parson did not file a direct appeal. (D.I. 21)

Parson's § 2255 motion asserts one ground for relief, namely, that the government improperly included his three state convictions in his criminal history calculation, because he served less than one year of imprisonment for each conviction. (D.I. 23 at 4)

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010)(equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998)(holding that the one-

year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling).

Here, Parson contends he is entitled to a later starting date for the limitations period under §2255(f)(3) and (4) because his sole ground for relief is premised on the rulings in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[1] This argument is unavailing. Section 2255(f)(3) does not apply in this case, because the rule announced in the Supreme Court decision *Carachuri* was not made retroactively applicable, and *Simmons* is a not a Supreme Court decision recognizing a new right. Similarly, since *Carachuri* and *Simmons* were not decisions rendered in Parson's own litigation history that affected his legal status, they do not constitute a factual predicate for his claim capable of triggering a later starting date for the limitations period under § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014). Therefore, the one-year period of limitations began to run when Parson's conviction became final under § 2255(f)(1).

When a federal prisoner does not file a direct appeal, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the fourteen-day time period for filing a notice of appeal *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). In this case, the court sentenced Parson on March 16, 2011, and entered judgment on March 22, 2011. Since Parson

---

[1] "In *Carachuri*, the Supreme Court held that the question of whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." *United States v. Powell*, 691 F.3d 554, 555 (4TH Cir. 2012). In *Simmons*, the Fourth Circuit applied the *Carachuri* analysis and held that, when deciding whether to enhance federal sentences based on prior North Carolina convictions, the sentencing court must look to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history, and not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record. *See id.* at 556.

did not file a direct appeal, his judgment of conviction became final on April 5, 2011. Adding one year to that date results in a filing deadline of April 5, 2012. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Parson did not file the instant § 2255 motion until August 8, 2012,[2] approximately four months after the expiration of the limitations period. However, he contends that the limitations clock should be equitably tolled through August 17, 2011, the date on which *Simmons* was decided. More specifically, Parson argues that the *Simmons* decision constitutes the "extraordinary circumstance" that compelled him to file the instant motion because, had he challenged his sentence prior to *Simmons*, his § 2255 motion would have been summarily rejected. The argument is not persuasive. As a general rule, court rulings where the movant is a non-party do not constitute extraordinary circumstances for equitable tolling purposes. *See Pemberton v. United States*, 2015 WL 2072002, at *2 (M.D.N.C. May 4, 2015). Although *Simmons* "made a collateral attack on [Parson's] sentence more plausible, nothing prevented [Parson] from filing his [motion] within the one-year statute of limitations." *Whiteside*, 775 F.3d at 185. Indeed, "many defendants [] filed suits prior to *Simmons* asserting the exact substantive claim" Parson has asserted. *Id.* at 186. Finally, to the extent Parson's late filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

---

[2]Parson's § 2255 motions is not dated, but it is file stamped as received on August 8, 2012. Therefore, the court adopts August 8, 2012 as the filing date. The court also notes that, in his reply, Parson concedes August 8, 2012 is the filing date for his § 2255 motion. (D.I. 30 at 3)

4

Accordingly, the court will deny the instant § 2255 motion as time-barred.[3]

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that the instant motion is time-barred. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying Parson's § 2255 motion after determining that it is time-barred. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

The court concludes that Parson is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

---

[3] Having determined that the instant motion is time-barred, the court will not address the government's alternate reason for dismissing the motion.

5